**Frank GUBBIOTTI and Linda Gubbiotti, H/W, Appellants**

**v.**

**Michael SANTEY**

**Dean W. Pavinski and Sheryl Pavinski, H/W, Appellants**

**v.**

**Michael Santey.**

Superior Court of Pennsylvania.

Argued March 14, 2012.

Filed June 26, 2012.

Linda L. Bartlett, West Pittston, for appellants.

George C. Parrish, Allentown, for appellee.

BEFORE: STEVENS, P.J., PANELLA, J., and MUNDY, J.

OPINION BY PANELLA, J.

Appellants, Frank Gubbiotti and Linda Gubbiotti, and Dean W. Pavinski and Sheryl Pavinski, (collectively, "Appellants") appeal from the order entered April 18, 2011 by the Honorable Chester B. Muroski, Court of Common Pleas of Luzerne County, which granted summary judgment in favor of Appellee, Michael Santey. Appellants argue that the discharge of Santey's debts in bankruptcy does not impede their ability to pursue an action to collect damages from Santey's insurer for personal injury arising from a motor vehicle accident. After review, we find that because there was no timely objection to the discharge of Santey's debts, the trial court properly entered summary judgment in Santey's favor in the underlying personal injury action.

The facts of the underlying case are largely undisputed. Appellants' claims arise from an automobile accident involving Santey that occurred on August 12, 2006. Appellants subsequently filed Complaints against Santey alleging personal injuries resulting from the accident.

On January 17, 2010, Santey filed a Chapter 7 bankruptcy petition, which listed Appellants' personal injury claims as creditors holding unsecured non-priority claims. Appellants were provided notice of the Suggestions of Bankruptcy on January 18, 2010. On January 19, 2010 and January 21, 2010, respectively, Santey's bankruptcy counsel filed a Suggestion of Bankruptcy in Appellants' actions against Santey. On February 9, 2010, Santey's counsel in this matter forwarded a notice of the Bankruptcy filing. On May 14, 2010, the Honorable John J. Thomas of the United States Bankruptcy Court for the Middle District of Pennsylvania ordered and granted discharge of all debts accumulated by Santey prior to the order date.

On June 28, 2010, Santey filed a motion seeking to amend his New Matter in the underlying personal injury actions to include the affirmative defense of discharge from bankruptcy and to obtain summary judgment on that basis. By order dated April 18, 2011, the trial court granted Santey's motion to amend, entered summary judgment in favor of Santey, and dismissed Appellants' claims. This timely appeal followed.

On appeal, Appellants raise the following issue for our review:

> Whether the trial court erred in granting defendant/debtor/appellee's Motion for Summary Judgment when a genuine issue of material fact exists as to whether plaintiff/appellant is entitled to recover from defendant/debtor/appellee's car insurance policy that was in effect at the time of the crash when defendant/debtor/appellee received a discharge in bankruptcy?

Appellants' Brief at 7.

Our standard of review of a challenge to an order granting summary judgment is as follows:

> We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is de novo, and our scope plenary. We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Executive Risk Indemnity Inc. v. CIGNA Corp.*, 976 A.2d 1170, 1172 (Pa.Super.2009). Furthermore,

> [in] evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Shepard v. Temple University*, 948 A.2d 852, 856 (Pa.Super.2008) (citations omitted).

The provision of the Bankruptcy code pertaining to discharge provides that:

> Except as provided in § 523 of this title, a discharge under subsection(a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under § 502 of this title as if such claim has arisen before the commencement of the case, whether or not a proof of claim based on any debt or liability is

274

filed under § 501 of this title and whether or not a claim based on any such debt or liability is allowed under § 502 of this title.

11 U.S.C.A. § 727(b).

Appellants argue that the trial court improperly granted Santey's motion for summary judgment because they are seeking recovery for their injuries from Santey's insurance carrier, and not Santey individually. Appellants' Brief at 13. In support of their argument, Appellants rely upon 40 PA.STAT. § 117, which provides:

**Indemnity insurance; statement as to insolvency or bankruptcy of insured**

No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power and for which loss or damage the person insured is liable, shall hereafter be issued or delivered in this State by any corporation, or other insurer, authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation, under the terms of the policy, *for the amount of the judgment in the said action,* not exceeding the amount of the policy.

40 PA.STAT. § 117 (emphasis added). Appellants argue that under Section 117 they are permitted to pursue their claim against Santey in order to establish the liability of the insurer. Appellants' Brief at 13. We disagree.

The plain language of 40 PA.STAT. § 117 permits the garnishment of an insurance company for a *judgment* entered against an insolvent or bankrupt insured. This provision does not permit an action against the insured, which would clearly violate the discharge order, but rather permits an action directly against the *insurer* where a judgment has been entered, in case of insolvency or bankruptcy. In this case, Santey's liability under any applicable automobile insurance policy has not been determined, and accordingly, no judgment against Santey has been entered. Therefore, 40 PA.STAT. § 117 is inapplicable and provides Appellants with no relief.

As previously noted, Santey properly identified Appellants' claims in the Bankruptcy petition as creditors holding unsecured non-priority claims and Appellants received notice of the Suggestion of Bankruptcy. Under the Notice of Bankruptcy, Appellants had until April 27, 2010, to file a Complaint Objecting to Discharge of Debtor or to Determine Dischargeability of Certain Debts. As there is no dispute that Appellants failed to object to Santey's discharge or to determine dischargeability of certain debts, Appellants' claims were properly discharged pursuant to 11 U.S.C.A. § 727. Accordingly, we find the trial court appropriately granted summary judgment in favor of Santey.

Order affirmed. Jurisdiction relinquished.