J-A07008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EMIL FEIST, SR. AND DIANNE M. FEIST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 1326 MDA 2017 |
| MICHELLE ANDES, EXECUTRIX OF THE ESTATE OF DAVID T. ANDES, AND STATE FARM INSURANCE COMPANY | : | |

Appeal from the Order Entered July 20, 2017
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  2013-2678

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 21, 2018**

Appellants, Emil Feist, Sr. and Dianne M. Feist, appeal from the order granting summary judgment in favor of Appellees, Michelle Andes, Executrix of the Estate of David T. Andes and State Farm Mutual Automobile Insurance Company. We affirm on the basis of the trial court opinion filed on July 19, 2017.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them at length here. However, for context and the convenience of the reader we note briefly that the over-arching factual scenario in this case is the failure of the Appellants to obtain additional UIM Coverage for their vehicles.

_____
*   Former Justice specially assigned to the Superior Court.

Although they had asked David T. Andes, now deceased but at one time the long term insurance agent for the Appellants, to increase the UIM coverage for their vehicles, he advised against it and told them that he would not secure the additional coverage. The Appellants had full knowledge of Mr. Andes' advice and actions, but still maintained their insurance policies with him, and did not acquire the additional coverage through another agent or broker. Very regrettably, Mr. Feist later suffered severe injuries in a motorcycle accident in which his leg was mutilated.

At the time of the horrific motorcycle accident involving Mr. Feist on November 25, 2011, the Appellants had a combined total of $300,000.00 per person in available stacked UIM coverage.[1] The entire policy limits of $300,000.00 were paid to Mr. Feist following the accident.

The Appellants eventually filed a civil action against Mr. Andes and State Farm, and have alleged three counts: The first in negligence; the second based upon breach of fiduciary duty and loyalty; and the third on breach of the duty of good faith and fair dealing. After the completion of discovery, the Appellees filed a Motion for Summary Judgment, which was granted by the trial court on July 19, 2017. This appeal followed.

---

[1] The Feists had five policies with State Farm. One of the policies insured two vehicles, and the other four policies each insured one vehicle. All six vehicles were insured for $50,000.00 of UIM coverage per person. Therefore, they had $300,000.00 in available stacked UIM coverage, per person.

The three overlapping issues raised in Appellants' brief contend that the trial court abused its discretion and committed an error of law by not recognizing genuine issues of material facts which created:

1. A duty owed by Appellees to Appellants such that a grant of summary judgment was inappropriate;

2. A "fiduciary" duty owed by Mr. Andes, and therefore State Farm, to the Appellants, to the extent that Appellants had relinquished their decision-making authority to Mr. Andes;

3. An implied contract between the Appellants and Mr. Andes, and therefore State Farm, which created a duty of good faith and fair dealing owed by the Appellee to the Appellants.

The Appellants argue from the depositions[2] of Emil Feist and Dianne Feist, that Mr. Andes owed them a duty in light of their long-term relationship with him. Mr. Andes and his office handled all of their insurance coverages. He was instrumental in recommending and setting up their policies. The basis of their claim is that Mr. Andes stood in a fiduciary relationship with them.

Our standard of review of a challenge to an order granting summary judgment is as follows:

> We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is de novo, and our scope plenary. We must view the record in the light most favorable to

---

[2] The Depositions of Emil Feist, Sr., and Dianne M. Feist, were taken on November 6, 2014.

- 3 -

the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Furthermore,

[in] evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Gubbiotti v. Santey*, 52 A.3d 272, 273 (Pa. Super. 2012) (citations omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the trial court we conclude that there is no merit to the issues Appellants have raised on appeal. The trial court opinion properly disposed of the questions presented herein.

In its discussion, the trial court correctly points out that there were no issues of material fact presented to the court. The critical factual point, as noted by the trial court, was that the Feists conceded, during numerous occasions at their respective depositions, that they knew their UIM coverage limits were not going to be increased by Mr. Andes. The record is replete with

the undisputed testimony of the Feists that following their two meetings with

Mr. Andes, one in February 2011 and the other in September or October 2011,

that they knew Mr. Andes was not going to increase their UIM coverages on

their automobiles.  For example, Emil Feist testified as follows:

> Q. So it was your understanding that he was not going to provide
>    you increased underinsured and uninsured motorist coverage
>    at that meeting?
> A. Exactly.
> Q. On February 2011?
> A. Exactly, yeah.

Deposition, Emil Feist, Sr., 11-6-2014 at 46-47.  Similarly, Dianne Feist
testified:

> Q. What did Dave Andes say about the increasing your
>     uninsured/underinsured motorist?
> A. He said no.
> Q. He refused to do so?
> A. He said you have enough coverage, you don't need to do that.
> Q. So at the first meeting that took place in 2011 is it your
>    testimony that it was your understanding that he refused to
>    increase your coverage?
> A. Yes.

Deposition, Dianne Feist, 11-6-2014 at 37.

Although there was another meeting between the Feists and Mr. Andes

later in the year, they again left the meeting knowing that Mr. Andes was not

going to increase their uninsured and underinsured coverage. Deposition, Emil

Feist, Sr., 11-6-2014 at 53; Deposition, Dianne Feist, 11-6-2014 at 46.

The trial court competently found that the Feists were free to contact

another State Farm agent, or explore insurance through another company. In

light of this evidence, and without additional evidence which showed that Mr.

- 5 -

Andes exerted control over the Feist's ability to make their own decisions, the trial court was unwilling to find a fiduciary or confidential relationship.

Accordingly, we affirm on the basis of the well-reasoned opinion by the Honorable Thomas F. Burke, Jr., dated July 19, 2017, in Civil Division No. 2013-2678, Court of Common Pleas of Luzerne County, PA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/21/2018

IN THE COURT OF COMMON PLEAS

OF LUZERNE COUNTY

| | | | |
|---|---|---|---|
| EMIL FEIST, SR. and DIANNE M. FEIST, | : | | |
| Plaintiffs | : | Civil Division | |
| vs. | : | | |
| | : | | |
| MICHELLE ANDES, EXECUTRIX OF THE | : | NO. 2013-2678 | |
| ESTATE OF DAVID T. ANDES and | : | | |
| STATE FARM MUTUAL AUTOMOBILE | : | | |
| INSURANCE COMPANY, | : | | |
| | : | | |
| Defendants | : | | |



## OPINION

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants, David Andes (now by substitution, Michelle Andes, Executrix of the Estate of David T. Andes, sometimes hereafter referred to as "Andes") and State Farm Insurance Company (State Farm), on October 2, 2015. Plaintiffs, Emil Feist, Sr., and Dianne M. Feist, filed a Brief in Opposition. Oral argument on the Motion for Summary Judgment was conducted on January 12, 2016. This Opinion follows.

### Procedural History

Plaintiff commenced the above-referenced action at term and number 2678 of 2013 via the filing of a Complaint on or about February 23, 2013, against Defendants Andes and State Farm. Following the demise of Defendant, David Andes, on June 28, 2016, by way of Stipulation of Counsel filed of record and Order of Court entered on January 11, 2017, Michelle Andes, Executrix of the

1

Estate of David T. Andes was substituted on the docket for Defendant, David Andes.

Plaintiffs in this action have alleged three (3) counts against said Defendants as follows: Count 1- Negligence; Count 2- Breach of fiduciary duty and/or duty of loyalty; and Count 3- Breach of duty of good faith and fair dealing. Written discovery has been exchanged and depositions of the relevant witnesses have been taken. Defendants filed the instant Motion for Summary Judgment in which they challenge each of Plaintiffs' theories of liability.

### *Procedures Governing Motions for Summary Judgment*

Under Pa.R.C.P. 1035.2:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Hence, a motion for summary judgment is based upon an evidentiary record which entitles the moving party to judgment as a matter of law, and which is one of two types: (1) the record shows the material facts are undisputed, and hence no issue exists to be submitted to a jury, or (2) the record contains insufficient evidence of facts to make out a prima facie cause of action or defense, and hence there is no issue to submit to a jury. In the latter instance, the motion for summary judgment is made by a party who does not have the

2

burden of proof at trial and who does not have access to the evidence to make a record which affirmatively supports the motion.

The burden of responding to a motion for summary judgment is set forth in Pa.R.C.P. 1035.3:

> (a) The adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
> (1) one or more issues of fact arising from the evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

In responding to a motion for summary judgment, an adverse party under Pa.R.C.P. 1035.3(b) "may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." In resolving a motion for summary judgment, the Court, under Pa.R.C.P. 1035.3(c) "may rule upon the motion for judgment or permit affidavits to be obtained, depositions to be taken or other discovery to be had or make such order as is just."

Finally, under Pa.R.C.P. 1035.3(d), the Court is permitted to enter summary judgment against a party who does not respond.

3

### *Resolution of Motion for Summary Judgment*

In ruling on Defendants' Motion for Summary Judgment, the Court is required to determine whether Andes or State Farm owed a duty, fiduciary or otherwise, to the Plaintiffs regarding UIM coverage and, if so, whether Defendants breached that duty by failing to acquiesce in Plaintiffs' request for additional automobile insurance coverage. Based upon a review of the record and relevant legal precedent, the Court holds that neither Andes nor State Farm owed a duty to the Plaintiffs.

A brief summary of the undisputed facts is necessary. Plaintiffs had a long-standing business/professional relationship with Defendant Andes who served as their insurance agent for several decades. Plaintiffs were customers of Andes and State Farm since 1974. Emil and Dianne Feist were covered under a policy which provided for $50,000 of UIM coverage per vehicle. This amount was stacked on six vehicles owned by Plaintiffs, bringing the total coverage to $300,000 per accident. In February 2011, Plaintiffs met with Andes seeking to increase the amount of their UIM coverage from $50,000 to $100,000 per vehicle. At that time, Plaintiffs told Andes that their then-attorney gave them instructions as to the details of the specific amount of UIM coverage that they should have. Plaintiffs concede that at the conclusion of that meeting they knew that Andes was not going to increase the coverage limits to $100,000; however, Plaintiffs testified in their depositions that they were not convinced that $50,000 was enough and still wanted to increase coverage.

4

Some seven months later (September 2011), Plaintiffs met with Andes for the purpose of obtaining a homeowners insurance quote for a new home that they were purchasing. During this meeting, Plaintiffs again asked a representative of Andes' Insurance Agency to increase both the UM and UIM coverage limits to $100,000 per vehicle. At the end of this meeting, however, Plaintiffs again understood that Andes would not increase their coverage limits. After the September 2011 meeting, Plaintiffs did not contact Andes or his representatives again to request an increase in coverage limits.

On November 25, 2011, Plaintiff Emil Feist was riding his 2009 Harley Davidson Touring Motorcycle when he was hit by a vehicle and suffered injury. It is undisputed that at the time of the accident, Feist had a combined total of $300,000 per person in available stacked UIM coverage. Also, it is undisputed that on June 7, 2012, Mr. Feist was paid the entire policy limit of UIM coverage available to him with State Farm.

As stated above, this case requires the Court to determine whether Andes or State Farm owed a duty to the Plaintiffs regarding procurement of UIM coverage and, if so, whether Defendants breached that duty by failing to comply with Plaintiffs' request for additional coverage. Upon a review of the entire record, it is the Court's finding that Plaintiffs have failed to produce sufficient evidence to support any one of their three causes of action which would require a trial by jury. Therefore, Defendants, Andes and State Farm, are entitled to summary judgment in their favor, and against Plaintiffs, as a matter of law.

5

*Count I: Negligence against David Andes and State Farm Mutual Automobile Insurance Company*

Under Pennsylvania law, Plaintiffs bear the burden of proving their negligence claim against the Defendants. As to Defendant Andes, they must establish that Andes owed them a duty of care, that he breached that duty, and as a result, Plaintiffs sustained damages. *Estate of Swift by Swift v. Northeastern Hosp.*, 690 A.2d 719, 722 (Pa. Super. Ct. 1997), *petition for allowance of appeal denied*, 701 A.2d 577 (Pa. 1997). Breach of a legal duty is a condition precedent to a finding of negligence. *Shaw v. Kirschbaum*, 653 A.2d 12, 15 (Pa. Super. Ct. 1994), *petition for allowance of appeal denied*, 664 A.2d 542 (Pa. 1995). The existence of a duty is a question of law for the Court to decide. "In negligence cases, a duty consists of one party's obligation to conform to a particular standard of care for the protection of another. This concept is rooted in public policy." *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005).

With respect to the issues in this case, the Court would note at the outset that the general rule of law is that insurance agents have no common law duty to their customers unless the agent receives consideration for his services apart from the premium which is paid by the customer for the insurance policy itself, or where the agent "acts as an insurance counselor through an extensive and complex course of dealing with regard to the client's business matters." *Reusch v. Allstate Insurance Co.*, 35 Pa. D.&C.3d 448 (C.C.P. Westmoreland Co. 1985). *See also Wisniski v. Brown & Brown Ins. Co.*, 906 A.2d 571, 580 (Pa. Super. Ct. 2006), *petition for allowance of appeal denied*, 920 A.2d 834 (Pa. 2007).

6

Plaintiffs assert that their agent, Andes, owed them a duty to follow their requests and obtain insurance for them for $600,000 in stacked UIM coverage. Plaintiffs further assert that they demanded Andes provide them with increased UIM coverage and that Andes discouraged the Plaintiffs and also refused to provide Plaintiffs with increased coverage. Even accepting Plaintiffs' version of events as being true, however, it is clear that Plaintiffs left both meetings (February and September 2011) with Andes knowing that their UIM coverage limits remained at $300,000 and had not been increased to a stacked total of $600,000. They likewise knew that they could have switched to a different insurance agent other than Andes and/or could have sought insurance coverage from a different carrier than State Farm. Under these circumstances, and applying the principles set forth above, the Court is unwilling to conclude that an exception to the general rule of law that insurance agents have no common law duty to their customers exists in the present case. *See generally Wisniski v. Brown & Brown Ins. Co.*, 906 A.2d 571 (Pa. Super. Ct. 2006), *petition for allowance of appeal denied*, 920 A.2d 834 (Pa. 2007).

In addition to the negligence claim against Andes, Plaintiffs assert that State Farm had a duty to Plaintiffs under the doctrine of respondeat superior. However, because the Court has concluded that Andes is not liable on the negligence claim, the respondeat superior claim against State Farm must fail. There is no independent cause of action for respondeat superior liability under Pennsylvania law. *Booker v. National Railroad Passenger Corp.* 880 F.Supp.2d 575 (E.D. Pa. 2012). "Respondeat superior merely connotes a doctrine of

7

imputation once an underlying theory of liability has been established. It is not a separate cause of action." *Care v. Reading Hosp. and Medical Center*, 2004 WL 728532 (E.D. Pa. March 31, 2004) , *quoting Simcox v. National Rolling Mills, Inc.*, 1990 U.S. Dist. LEXIS 6757 at \*7, (E.D. Pa.June 4, 1990).

## *Count II: Breach of Fiduciary Duty and/or Duty of Loyalty against David Andes and State Farm*

Under Pennsylvania law, the purchase of insurance is considered an "arm's length" transaction, in which the insurer owes no fiduciary duty apart from the terms defined in the insurance contract. *Willow Inn, Inc. v. Public Serv. Mut. Ins. Co.* 399 F.3d 224, 235-236 (3d Cir. 2005). Generally, the relationship between the insurance seller and purchaser cannot be characterized as a fiduciary relationship, except in instances in which the policyholder has authorized the agent to make decisions on behalf of the policyholder. *Ihnat v. Pover*, 1999 WL 34788321 (C.C.P. Allegheny Co. 1999). A fiduciary relationship exists when "the circumstances make it certain the parties do not deal on equal terms, but, on one side there is an over-mastering influence, or, on the other, weakness, dependence or trust, justifiably reposed." *Frowen v. Blank*, 425 A.2d 412, 416-17 (Pa. 1981). The fiduciary relationship is only established when the "relationship goes beyond mere reliance on superior skill." *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 22-3 (Pa. Super. Ct. 2002).

The existence of a fiduciary or confidential relationship is a question of fact and is specific to the particular case at hand. Where the relationship "between the parties is not one ordinarily known as confidential in law, the evidence to

8

sustain a confidential relation must be certain." *Leedom v. Palmer*, 117 A. 410, 412 (Pa. 1922). And, as the Pennsylvania Supreme Court has stated in the very recent case of *Yenchi v. Ameriprise Financial, Inc.*, ___ A.3d ___, 2017 WL 2644473 at *9 (Pa. 2017) (decided June 20, 2017): "absent evidence that a consumer of financial services and goods cedes control over the decision to purchase, either explicitly or implicitly because of over-mastering or undue influence, no fiduciary relationship arises." The "critical question is whether the relationship goes **beyond** mere reliance on superior skill." *Id.* at *8 *quoting eToll, Inc.*, 811 A.2d at 23 (emphasis in original). Basile, 777 A.2d 101. Finally, the party asserting the confidential relationship bears the burden of proving its existence. *Wisniski*, 906 A.2d at 579.

Applying these standards to the case at bar, the Court concludes that the record before it is insufficient to establish that either a fiduciary or confidential relationship existed between Plaintiffs and Andes. The record is devoid of evidence that would show that the Plaintiffs had relinquished their decision-making authority to Andes or that Andes had an "over-mastering" influence over Plaintiffs. Plaintiffs cannot demonstrate that the relationship between themselves and Andes went beyond mere reliance on superior skill.

Plaintiff Dianne Feist stated in her deposition that she would describe herself as knowledgeable in the coverages she wanted on Plaintiffs' vehicles and homes. Plaintiff Emil Feist also considered himself competent in purchasing automobile and homeowners insurance through the years. Also, Plaintiffs acknowledged that they had both consulted with and received legal advice from

9

an attorney about increasing their coverage limits. Therefore, Plaintiffs were not relying on Andes' advice, but rather, were relying on their own opinion as well as the advice of an attorney.

Plaintiffs did not rely on any purported statement by Andes that they had sufficient UM/UIM coverage limits. Instead, Plaintiffs testified that they did not agree with Andes and had every intention to increase the limits at some future time. Plaintiffs, however, continued to renew their insurance policies during the ten-month time period by paying the premiums while being completely aware that there was no increase in UM/UIM coverage limits.

### Count III: Breach of Duty of Good Faith and Fair Dealing against David Andes and State Farm

"The duty of good faith has been defined as honesty in fact in the conduct or transaction concerned. Where a duty of good faith arises, it arises under the law of contracts, not under the law of torts." *Creeger Brick and Building Supply, Inc. v. Mid-State Bank and Trust Co.*, 560 A.2d 151, 153 (Pa. Super. Ct.1989). Furthermore, the duty of good faith has only been recognized in limited situations. *Heritage Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank*, 801 A.2d 1248, 1253 (Pa. Super. Ct. 2002).

In the present case, there is no evidence of the existence of a contract between Plaintiffs and Defendant Andes. As previously stated, a breach of the duty of good faith and fair dealing are intertwined and arise out of contract law. *Id.* The record before the Court reveals that Plaintiffs retained their decision-

10

making authority regarding UM/UIM coverage and did not enter into a contract with Andes.

In addition, Plaintiffs acknowledge that Defendant State Farm performed on its contract with the Plaintiffs but seek to hold State Farm liable on a theory of respondeat superior. Having found no contract between Plaintiffs and Andes and, therefore, no liability on the part of Andes under Count III, the Court likewise finds no liability on the part of State Farm under Count III of Plaintiffs' Complaint.

Accordingly, and for the reasons set forth above, the Court enters the attached Order.

**END OF OPINION**

(Order Follows on Page 12)

11