J-A20030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-QS14 | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | No. 2792 EDA 2023 |
| JEFFREY BIERNAT | : | |
| Appellant | : | |

Appeal from the Order Entered September 21, 2023
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2022-14406

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED DECEMBER 3, 2024**

Jeffrey Biernat appeals from the order of the Court of Common Pleas of Montgomery County granting the motion for summary judgment of Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset Backed Pass-Through Certificates Series 2006-QS14 (Deutsche Bank). Biernat asserts that the trial court erred in granting summary judgment because genuine issues of material facts existed, and Deutsche Bank's action was precluded by *res judicata*. Upon review, we affirm.

The trial court summarized the relevant procedural and factual history.

[Biernat] in the instant action is the mortgagor and real owner of the property located at 2098 Deep Meadow Lane, Lansdale PA, 19446. [Biernat] entered into a loan agreement and

mortgage on August 29, 2006 with then owner HSBC Bank USA, N.A. This mortgage was recorded with the Montgomery County Recorder of Deeds on September 12, 2006. [Biernat] has failed to make payment on the mortgage since December of 2011. A demand letter was sent to [Biernat] at the last known address of record, the address of the property, on October 30, 2019. [Biernat] failed to cure the default. A Complaint in Mortgage Foreclosure was filed by [Deutsche Bank] on July 27, 2022.

[Deutsche Bank's] Motion for Summary Judgment was filed on June 20, 2023. On July 20, 2023, [Biernat] filed an Answer to the Motion for Summary Judgment. On August 8, 2023, [Deutsche Bank] filed a Brief in response. Upon review of the Summary Judgment Motion, Answer, and the record as a whole, this Court granted the Motion for Summary Judgment on September 21, 2023.

Trial Court Opinion, 1/29/24, at 1-2. Thereafter, Biernat timely appealed to this Court. Biernat filed a concise statement of matters complained of on appeal and the trial court filed a 1925(a) opinion. **See** Pa.R.A.P. 1925(a), (b).

Biernat raises three issues for our review. First, whether a genuine issue of material fact exists as to whether Deutsche Bank has standing. **See** Appellant's Brief, at 17-27. Second, whether a genuine dispute of material fact exists regarding whether Deutsche Bank provided a notice pursuant to the Homeowner's Emergency Mortgage Act, 35 P.S. §§ 1680.401c *et seq.* ("Act 91"). **See id.** at 27-30. Third, whether Deutsche Bank's claim for unmade payments was precluded by *res judicata*. **See id.** at 30-33.

Our standard of review of a trial court's order granting summary judgment is well established.

We may reverse if there has been an error of law or an abuse of discretion. Our standard of review is *de novo*, and our scope plenary. We must view the record in the light most favorable

- 2 -

to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Furthermore, in evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

*Gubbiotti v. Santey*, 52 A.3d 272, 273 (Pa. Super. 2012) (brackets and case citations omitted). Additionally, in mortgage foreclosure actions, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Bank of Am., N.A. v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014) (citation omitted).

In his first issue, Biernat asserts that a genuine issue of material fact existed as to whether Deutsche Bank had standing. *See* Appellant's Brief, at 19. Specifically, Biernat argues that there is a genuine dispute of material fact regarding whether Deutsche Bank is the mortgage assignee and whether Deutsche Bank owns or holds the note. *See id.* at 20, 24. Deutsche Bank responds that it established its standing as a matter of law by producing evidence that it is the assignee of the mortgage and the holder of the note. *See* Appellee's Brief, at 13, 16-18.

"In a mortgage foreclosure action, the mortgagee is the real party in interest." ***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 68 (Pa. Super. 2016) (citation omitted). "The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank." ***Gerber v. Piergrossi***, 142 A.3d 854, 859-60 (Pa. Super. 2016) (citation omitted). The foreclosing party can establish standing by providing copies of the original recorded mortgage and its recorded assignment. ***See Barbezat***, 131 A.3d at 69.

Here, we agree with the trial court that Deutsche Bank established standing by attaching to its complaint documents that established that it is the assigned owner of the note. ***See*** Trial Court Opinion, 1/29/24, at 6. Further, Biernat's mere averment that Deutsche Bank did not have standing was insufficient to establish a genuine dispute of material fact. ***See Barbezat***, 131 A.3d at 69-70 (holding that a mortgagor's mere averments that the mortgagor does not have standing, without any supporting evidence, does not create a genuine dispute of material fact to defeat a motion for summary judgment). Biernat's first issue lacks merit.

In his second issue, Biernat asserts that a genuine issue of material fact existed regarding whether Biernat received an Act 91 notice prior to the foreclosure action. ***See*** Appellant's Brief, at 27. Additionally, Biernat asserts that it was a factual question regarding whether he was prejudiced by the lack

of notice, which required discovery. *See id.* at 29-30. Deutsche Bank responds that Biernat was not entitled to an Act 91 notice as a matter of law because he was more than 24 months delinquent. *See* Appellee's Brief, at 19-21. We agree with Deutsche Bank.

An Act 91 notice to the mortgagor is required "before any legal action may be taken by a mortgagee." ***Wells Fargo Bank, N.A. ex rel. Certificate Holders of Asset Backed Pass-through Certificates Series 2004-MCWI v. Monroe***, 966 A.2d 1140, 1142 (Pa. Super. 2009); 35 P.S. § 1680.402c-403c. However, "a mortgagee shall not be required to send the uniform notice provided in subsection (b): (1) to any mortgagor who is more than twenty-four (24) consecutive or nonconsecutive months in arrears on the residential mortgage in question, no matter what the reason therefor[.]" 35 P.S. §§ 1680.403c(f)(1). Here, Biernat has been delinquent for more than 24 months, i.e., since December 2011. Therefore, as a matter of law, Biernat was not entitled to an Act 91 notice prior to the foreclosure proceedings. Biernat's second issue does not merit relief.

In his final issue, Biernat asserts that Deutsche Bank's mortgage foreclosure action was precluded by *res judicata*. Biernat argues that although the prior action was dismissed for lack of standing, it constituted a final judgment on the merits because a full trial was held, and judgment was entered. *See* Appellant's Brief, at 31-32. Deutsche Bank argues that its action was not barred by *res judicata* because the period of default is different, and

the prior determination was not on the merits. **See** Appellee's Brief, at 23. We

agree with Deutsche Bank.

> *Res judicata* is a doctrine that operates to foreclose repetitious litigation by barring parties from re-litigating a matter that was previously litigated or could have been litigated. The doctrine only applies where four common elements exist: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. Under the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit on the same cause of action or one that could have been brought in the prior action.

**Wilmington Tr., Nat'l Ass'n v. Unknown Heirs**, 219 A.3d 1173, 1179 (Pa.

Super. 2019) (citations and quotation marks omitted).

In the prior action, the trial court held that Deutsche Bank failed to

establish that it had standing as the mortgagee. **See** Trial Court Opinion,

1/29/24, at 7-8.[1] "Standing is a justiciability concern—a threshold

requirement that must be established prior to judicial resolution of a dispute."

**Pennsylvania State Educ. Ass'n v. Pub. Sch. Employees' Ret. Bd.**, 311

A.3d 1017, 1028 (Pa. 2024) (brackets, internal quotation marks, and footnote

omitted); **see also Robinson Twp., Washington Cnty. v.**

**Commonwealth**, 83 A.3d 901, 917 (Pa. 2013) ("Issues of justiciability are a

threshold matter generally resolved before addressing the merits of the

---

[1] The opinion also stated that "[n]othing in this decision shall be construed as [] preventing a mortgage and note holder with standing from proceeding with a future forfeiture action against [Biernat]." Trial Court Opinion, 1/29/24, at 7.

- 6 -

parties' dispute.") (citation omitted). Accordingly, the prior ruling on the grounds of standing does not constitute a judgment on the merits for the purposes of *res judicata*. Therefore, Deutsche Bank's action was not precluded by *res judicata*. This issue does not merit relief.

As all Biernat's claims lack merit, we affirm the trial court's order granting Deutsche Bank's motion for summary judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/3/2024