J-A04006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANICE E. AND CLAYON B. BRUNNER, III | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 863 MDA 2024 |
| MICHELLE S. PIPER, JESS J. SEBURN, JAMES B. CAMPBELL, SCOTT A. DEITER, TERRI L. DEITER, ERIC D. RITCHEY, TONI M. ROBERTSON, SCOTT R. ROBERTSON, MICHAEL D. FREDERICK JR., AND ERIN L. FREDERICK | : : : : : : : : | |

Appeal from the Order Entered May 28, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2023-SU-000211

BEFORE:  LAZARUS, P.J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: MAY 20, 2025**

Janice E. Brunner and Clayton B. Brunner, III, (the Brunners) appeal from the order, entered in the Court of Common Pleas of York County, granting the motion for summary judgment filed by Appellees Michelle S. Piper, Jess J. Seburn, James B. Campbell, Scott A. Deiter, Terri L. Deiter, Eric D. Ritchey, Toni M. Robertson, Scott R. Robertson, Michael D. Frederick Jr., and Erin L. Frederick (Plaintiffs).  After our review, we affirm.

Plaintiffs and the Brunners are homeowners in the Kimberly Meadows development located in Warrington Township, York County.  The Brunners own an 18-acre lot at 1740 Pinetown Road, Wellsville, PA 17365, Parcel No. 49-

NE-48-L (the Property). **See** Order Granting Summary Judgment, 5/28/24, at 1.[1] All lots in the Kimberly Meadows development are subject to Protective Covenant Restrictions and Reservations (Protective Covenants). **See** Plaintiffs' Ex. A. The Protective Covenants at issue in this matter are sections 5 and 6, which state:

> (5) No building shall be erected[,] placed[,] or altered on any building lot including in these Protective Covenants until complete plans and specifications showing the nature, construction, floor plan, and plot plan of the location of the building, have been reviewed and approved by the Developer, his successors[,] or assigns. The Developer, his successors or assigns shall have the right to approve or disapprove any such plans that in the Developer's opinion would not enhance the appearance, or be in keeping with the surrounding subdivision. No approvals shall be unreasonably withheld.
>
> (6) All buildings, garages[,] and the like must be of the same or like materials, and must be constructed in the same or like manner as the main residential building constructed on the lot. Any accessory structure to the principal residence shall be constructed of the same substantial material and will be in keeping with the architectural integrity of the residential structures built within the subdivision.

*Id.*

In the fall of 2022, the Brunners desired to construct a 6,000 square foot secondary building on their property for storage and personal use. **See**

_____

[1] The trial court incorporates the May 28, 2024 opinion and order granting summary judgment into its Pa.R.A.P. 1925(a) opinion. Thus, we refer to this as the "trial court opinion."

Appellant's Brief, at 19. The Brunners spoke with neighbors[2] who owned property next door to and across the street from their property, who expressed support for the project. *Id.* at 21. On November 2, 2022, the Brunners broke ground for the construction of a 6,000 square foot pole building on their property for residential accessory use. *Id.*

On January 16, 2023, the Plaintiffs sent the Brunners a cease-and-desist letter regarding construction of the 6,000 square foot pole building which included a copy of the Protective Covenants. *See* Appellees' Brief, at 3-4. On January 25, 2023, Plaintiffs filed their complaint alleging the Brunners violated the development's Protective Covenants by constructing a 6,000 square foot pole building on the property for residential accessory use. Plaintiffs also filed a motion for a preliminary injunction prohibiting the Brunners from further construction pending resolution of the case, which the trial court granted. *See* Trial Court Opinion, 5/28/24, at 1. On March 7, 2023, the Brunners filed an answer and new matter to Plaintiffs' complaint, alleging Plaintiffs' complaint was barred for failure to deal in good faith and that the case should be dismissed. *See* Answer and New Matter, 3/7/23, at 1-8. On December 29, 2023, upon the completion of discovery, Plaintiffs filed a motion for summary judgment, which the trial court granted on May 28, 2024. The Brunners filed

_____

[2] The Brunners spoke to other neighbors, Clay and Briana Chaney and Scott Gartzke, who are not parties in this case. Appellant's Brief, at 21.

this timely appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

The Brunners raise the following claims for our review:

(1) Did the [t]rial [c]ourt err in entering [s]ummary [j]udgment where there are disputed facts, the [t]rial [c]ourt made factual findings, and the [t]rial [c]ourt construed facts in favor of the moving party?

(2) Did the [t]rial [c]ourt err in granting [s]ummary [j]udgment where a change in the character of the neighborhood made the [Protective C]ovenant unenforceable?

(3) Did the [t]rial [c]ourt err by failing to apply the [d]octrine of [u]nclean [h]ands?

(4) Did the [t]rial [c]ourt err in finding that the law required the court to interpret ambiguous [c]ovenants as allowing every individual landowner the right to block the building of an accessory building by another landowner?

Appellant's Brief, at 17.[3]

Our standard of review of a challenge to an order granting summary judgment is as follows:

We may reverse [an order granting summary judgment] if there has been an error of law or an abuse of discretion. Our standard of review is *de novo*, and our scope plenary. We must view the record in the light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

_____

[3] We have reordered the issues to align with the order the parties addressed them in their briefs.

*Gubbiotti v. Santey*, 52 A.3d 272, 273 (Pa. Super. 2012) (quoting *Executive Risk Indemnity Inc. v. CIGNA Corp.*, 976 A.2d 1170, 1172 (Pa. Super. 2009)).

In their first issue, the Brunners maintain that the trial erred in granting summary judgment because there are disputed facts, and that the trial court incorrectly made factual findings and construed facts in favor of the moving party. *See* Appellant's Brief, at 25. Specifically, the Brunners argue that the parties do not agree on whether the Brunners presented plans of the building to successors or assigns of the developer prior to starting the project. *Id.* at 26. The Brunners contend they did speak with their direct neighbors, who are not parties in this matter. *Id.* Additionally, the Brunners argue there is disagreement on whether the Plaintiffs also violated the Protective Covenants. *Id.* at 27. Lastly, the Brunners argue that the parties do not agree on whether the Brunners' building fits stylistically into the character of the neighborhood. *Id.* The Brunners contend that the particular style of the building is a factual determination that must be decided by a fact finder, not a judge at the summary judgment stage. *Id.* The Brunners contend that each of these factual disputes were either ignored or a factual determination was made in favor of the Plaintiffs, the moving party. *Id.* at 27-28.

When evaluating the trial court's decision to enter summary judgment:

[W]e focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be

- 5 -

entered. Where the non[-]moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.

**Gubbiotti**, 52 A.3d at 273 (quoting **Shepard v. Temple University**, 948 A.2d 852, 856 (Pa. Super. 2008)). Furthermore, "[t]he court, in ruling on a motion for summary judgment, must ignore controverted facts contained in the pleadings." **Overly v. Kass**, 554 A.2d 970, 972 (Pa. Super. 1989). For the purposes of summary judgment, the trial court is bound by the record of the case in accordance with Pa.R.C.P. 1035.1. **Petrina v. Allied Glove Corp.**, 46 A.3d 795, 798-99 (Pa. Super. 2012).

Instantly, the trial court determined that the record shows that the Brunners' 6,000 square-foot structure violates the language of the Protective Covenant. **See** Plaintiffs' Ex. A, **supra**. Specifically, the trial court found that the Plaintiffs, as the successors or assigns of the Developer since that the lots have been sold, were not given the opportunity to view and approve or disapprove of the Brunners' plans before construction began. **See** Trial Court Opinion, 5/28/24, at ?. The Brunners confirm that they only asked their direct neighbors if they would be fine with the construction, but there is no evidence in the record that those neighbors were shown plans of the construction. Further, the trial court determined, from the images admitted as exhibits at trial, that the 6,000 square-foot structure did not conform to the surrounding subdivisions. Lastly, whether the Plaintiffs violated the Protective Covenants

is not relevant the determination that the Brunners violated the Protective Covenants. The Brunners failed to adduce sufficient evidence on these essential issues to their case. *See id.* at 4-5. As such, viewing all evidence and reasonable inferences in the light most favorable to the non-moving party, the trial court did not abuse its discretion or make an error of law in determining there were no genuine issues of material fact. *See Gubbiotti*, *supra*, *Shepard*, *supra*.

In their second issue, the Brunners argue the trial court erred by failing to consider whether there has been a change in the character of the neighborhood, after the recording of the Protective Covenants, such that the covenant requiring approval of future building projects cannot be enforced. *See* Appellant's Brief, at 30. The Brunners maintain that the trial court order should be reversed because the trial court failed to consider whether the character of the neighborhood had changed and, therefore, committed reversible error. *See id.* at 32-34. Further, in their third issue, the Brunners argue that the trial court failed to consider the Brunners' defense of unclean hands where the Plaintiffs have violated the same Protective Covenants. *Id.* at 35. The Brunners argue that the court should not have enforced the Protective Covenant against them where the Plaintiffs themselves have violated the Protective Covenant by constructing buildings on their property without asking for approval from the neighborhood. *See id.* at 37-39.

A restrictive covenant will not be enforced if the character of a neighborhood has changed in such a way that the protective covenants no longer provide a substantial benefit to the dominate estate. **See Young v. Cerone**, 487 A.2d 965, 969 (Pa. Super. 1985). However, the party opposing the enforcement has the burden of proving that no significant benefit still exists. **Gey v. Beck**, 568 A.2d 672, 679 (Pa. Super. 1990). Therefore, "enforcement will appropriately be denied if the party opposing enforcement can prove that, through a change of surrounding neighborhood or for other reasons, enforcement of the covenant will no longer result in the benefit it was originally intended to achieve." **Id.**

Additionally, a defendant can raise the equitable doctrine of unclean hands where "the wrongdoing of the plaintiff directly affects the equitable relationship subsisting between the parties and is directly connected with the matter in controversy." **Stauffer v. Stauffer**, 351 A.2d 236, 244 (Pa. 1976). It is within the discretion of the chancellor to apply the doctrine and "in exercising his discretion[,] the chancellor is free not to apply the doctrine if a consideration of the entire record convinces him that an inequitable result will be reached by applying it." **Id.** at 244-45. Furthermore, our Supreme Court has determined that failure to object to minor violations of restrictions does not prevent further enforcement of the covenant where breaches are more substantial. **Kajowski v. Null**, 177 A.2d 101, 105-06 (Pa. 1962).

In the instant matter, the Brunners failed to prove that the benefits the Protective Covenants are meant to protect no longer exist due to a change in the character of the neighborhood. The general purpose of the development's Protective Covenants states, in part, that they:

> "ensure the best use, and most appropriate development and improvement of each building site thereof, to protect the owners of building sites against improper use of surrounding building sites as will depreciate the value of their property, to preserve, so far as practicable, the natural beauty of said property, to guard against the erection thereon of poorly designed and poorly proportioned structures, and structures built of improper or unsuitable materials[.]"

Plaintiff's Ex. A.

In support of their argument that the neighborhood has changed, the Brunners submitted an affidavit, signed by Janice Brunner, stating that other property owners in the neighborhood do not routinely ask for neighbors' approval for building projects, that her accessory building is for her personal storage and recreational use, and that her accessory building is proportionate to the size of the Property and home. *See* Brunner Affidavit, at ¶¶ 3-8. While the Brunners claim that the Protective Covenants are not followed by many, they provide no evidence that the benefit of the covenant no longer exists. *See Young*, *supra*. Since the Brunners have failed to show that the character of the neighborhood has changed so that the benefit of the covenant no longer exists, the trial court did not err or abuse its discretion in enforcing the covenant. *See Gey*, *supra*.

Finally, the Brunners argue that the language of the Protective Covenants is ambiguous, and that the trial court incorrectly interpreted the Protective Covenants to allow any landowner to veto the building project of any other landowner, while at the same time not allowing any landowner to approve any building project. *See* Appellant's Brief, at 39.

While restrictive covenants are not favored, they are legally enforceable. ***Vernon Twp. Volunteer Fire Dept. Inc. v. Connor***, 855 A.2d 873, 879 (Pa. 2004). Because restrictive covenants are not favored, "they are to be strictly construed, and 'nothing will be deemed a violation of such a restriction that is not in plain disregard of its express words[.]'" ***Id.*** (quoting ***Jones v. Park Lane for Convalescents, Inc.***, 120 A.2d 535, 537 (Pa. 1956)). Further, "ambiguity in a restrictive covenant must be construed against the one to be benefited by the restriction." ***Great A.& P. Tea Co. v. Bailey***, 220 A.2d 1, 3 (Pa. 1966).

Here, all lots in the Kimberly Meadows community have been sold. Therefore, the plain language of the Protective Covenant indicates that the property owners are considered the successors or assigns of the original developer. As such, the Plaintiffs, as property owners, had the right to approve or disapprove any plans for construction in the community. None of the Plaintiffs was consulted before the start of construction, in violation of the plain language of the Protective Covenant. Further, regardless of who the Brunners spoke to, there is no evidence that plans of the construction were

shown to anyone for approval prior to construction, which was in direct violation of the Protective Covenants. Therefore, the trial court correctly applied the plain language of the Protective Covenants when finding the Brunners in violation.

We conclude, therefore, that there are no genuine issues of material fact and the trial court properly granted summary judgment on behalf of the Plaintiffs.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/20/2025