J-S50033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VIDYAVATHI ASHOK SHETTY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL CHILDERS AND ANGELS OF EAST AFRICA, INC. | : | |
| | : | No. 362 WDA 2019 |
| Appellant | : | |

Appeal from the Order Dated February 5, 2019
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  No. 2017-252

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 30, 2019**

This matter is an appeal filed by Samuel Childers (Childers) and his nonprofit corporation Angels Of East Africa, Inc. (Angels) (collectively, Defendants) from an order of the Court of Common Pleas of Somerset County (trial court) granting summary judgment against them in a breach of contract and unjust enrichment action brought by Vidyavathi Ashok Shetty (Plaintiff). For the reasons set forth below, we affirm.

On May 1, 2017, Plaintiff filed this action against Defendants seeking payment of $120,000 pursuant to a written loan contract between Plaintiff and Childers.  In the Complaint, Plaintiff averred that on February 24, 2013, she and Childers entered into a written contract that provided as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

> Mrs Vidyavathi [S]hetty is lending $100,000 to Mr Sam Childers to cover the printing cost of Samuel Childers new book.
> As requested by Mr Sam Childers, Mrs. Vidyavathi [S]hetty is wiring at this time USD $ 100,000. (USD One hundred thousand) to the Wells Fargo bank account of Angels of [E]ast Africa [I]nc. PA 15926 U.S.A.
> Samuel Childers and Mrs Vidyavathi [S]hetty are under the understanding that Samuel Childers will repay to Vidyavathi [S]hetty USD 100,000 (USD One hundred thousand) plus a consideration of $20,000 (twenty thousand ) within 90 days after receiving the amount. The total repayment amount by Mr Sam Childers is USD $ 120,000 (One hundred twenty thousand only).

Complaint ¶5 & Ex. A.  Plaintiff averred that pursuant to this contract, she wired $100,000 to Angels' bank account on March 4, 2013 and that neither Childers nor Angels has made any repayment of the loan.  *Id.* ¶¶7-11.  The complaint asserted a claim for breach of contract against Childers, a claim for unjust enrichment against Childers and Angels, and a claim for conversion against Childers and Angels.

In their answer to the complaint, Defendants admitted that Childers entered into the written contract attached to Plaintiff's complaint, but alleged that it was "not the complete memorialization of the agreement between the parties."  Answer ¶5.  Defendants denied the other averments of Plaintiff's complaint, but pleaded no affirmative defenses or other new matter.  In response to requests for admissions served by Plaintiff, Defendants admitted that Childers entered into the written contract attached to Plaintiff's complaint, that Plaintiff wired $100,000 to Angels' bank account pursuant to that contract, and that Childers and Angels had not made any payment to Plaintiff

after receiving the $100,000. Defendants' Response to Plaintiff's Requests for Admissions ¶¶1-2, 5.

On July 2, 2018, Plaintiff moved for summary judgment on all three of the claims in her complaint based on the above admissions. Defendants in response conceded that there was no dispute that Childers entered into the written agreement, that they received the $100,000, and that there was no repayment, but argued that there were genuine issues of fact as to whether the $100,000 was a donation rather than a loan and contended that they understood the agreement as providing a donation which they were not required to repay. Defendants' Response to Motion for Summary Judgment ¶¶16-18, 24; N.T. Summary Judgment Argument at 9. Defendants also asserted that there were conversations between the parties concerning their intent with respect to the $100,000 and the terms of their agreement. Defendants' Response to Motion for Summary Judgment ¶¶10, 12, 16-17; N.T. Summary Judgment Argument at 9. Defendants, however, did not submit any affidavit or other evidence that such conversations occurred or supporting any of their other allegations.

On September 24, 2018, following oral argument, the trial court granted Plaintiff's summary judgment motions with respect to her breach of contract and unjust enrichment claims and denied summary judgment on the conversion claim. With respect to the breach of contract and unjust enrichment claims, the trial court ordered:

> Summary judgment is hereby entered in favor of the plaintiff and against the defendant Samuel Childers in the amount of $120,000, based on Count 1 [breach of contract] of the plaintiff's complaint.
> Summary judgment is also entered in favor of the plaintiff and against the defendant Angels of East Africa, Inc., in the amount of $120,000 based on Count 2 [unjust enrichment] of the plaintiff's complaint.

Trial Court Order, 9/24/18 (unnecessary capitalization omitted).

Defendants filed an appeal from this order, which this Court quashed on December 6, 2018, on the grounds that it was interlocutory because no judgment had been entered on the conversion claim. On February 5, 2019, the trial court issued an order dismissing the conversion claim with the consent of both parties. On February 27, 2019, Defendants filed a timely notice of appeal from this final order in which they appeal the September 24, 2018 summary judgment order.[1]

In this Court, Defendants argue that the trial court erred in granting summary judgment on the breach of contract claim because there were allegedly genuine disputes of fact concerning the terms of the parties'

---

[1] A notice of appeal filed from the entry of a final order encompasses all prior non-final orders in the case. **K.H. v. J.R.**, 826 A.2d 863, 871 (Pa. 2003); **Scampone v. Grane Healthcare Co.**, 169 A.3d 600, 610 n.5 (Pa. Super. 2017). **See also Commonwealth v. Walker**, 185 A.3d 969, 977 n.4 (Pa. 2018) (requirement of separate notices of appeal where multiple final orders are appealed "has no impact on the rule that a party need only file a single notice of appeal to secure review of all non-final orders that are rendered final and appealable by the entry of a final order").

- 4 -

agreement and Defendants' understanding of their obligations under the agreement. With respect to the unjust enrichment claim, Defendants argue that Plaintiff did not show the elements of unjust enrichment because there was no evidence as to how the $100,000 was used and because the money was a donation. Our standard of review of the trial court's grant of summary judgment is *de novo* and the scope of review is plenary. **American Southern Insurance Co. v. Halbert**, 203 A.3d 223, 226 (Pa. Super. 2019).

Before addressing the merits of these issues, we must consider Plaintiff's contention that Defendants' Pa.R.C.P. 1925(b) statement of errors complained of on appeal was too vague to preserve any issues for review. Defendants filed a Rule 1925(b) statement that set forth only the following issues:

> 1. The Trial Court committed abuse of discretion in failing to consider that genuine issues of material fact exist as to Plaintiff's Breach of Contract claim and that the record does not demonstrate that Plaintiff is entitled to judgment as a matter of law.
> 2. The Trial Court committed abuse of discretion in failing to consider that genuine issues of material fact exist as to Plaintiff's claim for unjust enrichment against Defendant and that the record does not demonstrate that Plaintiff is entitled to judgment as a matter of law.

Defendants' Concise Statement of Errors Complained of on Appeal at 2. A statement that is too vague to allow the trial court to identify the issues raised on appeal is the functional equivalent of no Rule 1925(b) statement at all. **Lineberger v. Wyeth**, 894 A.2d 141, 148-49 (Pa. Super. 2006); **Commonwealth v. Dowling**, 778 A.2d 683, 686–87 (Pa. Super. 2001).

An insufficient Rule 1925(b) statement, however, can result in a waiver of issues in an appeal only where the trial court has issued an order requiring the appellant to file a Rule 1925(b) statement and that order has been entered on the docket. *Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002); *Commonwealth v. Antidormi*, 84 A.3d 736, 745 n.7 (Pa. Super. 2014); *Forest Highlands Community Association v. Hammer*, 879 A.2d 223, 227 (Pa. Super. 2005); *Commonwealth v. Thomas*, 451 A.2d 470, 472 n. 8 (Pa. Super. 1982).

> The requirements of Rule 1925(b) are not invoked in cases where there is no trial court order directing an appellant to file a Rule 1925(b) statement. "[T]he lower court must order a concise statement of [errors] complained of on appeal and appellant must fail to comply with such directive before this Court can find waiver[.]"

*Antidormi*, 84 A.3d at 745 n.7 (quoting *Thomas*) (citations omitted, brackets in original).

Here, no order directing Defendants to file any statement of issues on appeal appears in the record and the docket does not contain any entry showing such an order was ever issued. Indeed, neither Plaintiff nor the trial court states that any Rule 1925(b) order was entered in this case or cites to anything in the record indicating that such an order was issued. Rather, they discuss only the deficiency of Defendants' Rule 1925(b), not whether Defendants were required to file such a statement and on what basis. Appellee's Brief at 3, 5-7; Trial Court Opinion, 3/5/19, at 2; Trial Court Opinion, 11/2/18, at 1-2. Because it has not been shown the trial court issued

an order requiring Defendants to provide a statement of issues on appeal, Defendants' Rule 1925(b) statement cannot constitute a waiver and does not bar this Court from considering the merits of this appeal.

While they are not waived, Defendants' arguments fail on the merits. Summary judgment is properly granted in favor of the plaintiff where the plaintiff submits undisputed facts sufficient to prove all elements of her cause of action. **American Southern Insurance Co.**, 203 A.3d at 226-27; **see also** Pa.R.C.P. 1035.2(1) (summary judgment may be granted "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action" and movant is entitled to judgment as a matter of law).

To obtain a judgment for breach of contract, Plaintiff was required to prove the following elements: (1) the existence of a contract, including its essential terms, (2) that the defendant breached a duty imposed by the contract, and (3) resultant damages. **McCausland v. Wagner**, 78 A.3d 1093, 1101 (Pa. Super. 2013); **Hart v. Arnold**, 884 A.2d 316, 332 (Pa. Super. 2005). Defendants' admissions established each of these elements.

Defendants admitted that Childers entered into the written contract on which Plaintiff based her claims. Answer ¶5; Defendants' Response to Plaintiff's Requests for Admissions ¶1. That written contract stated that Plaintiff "is lending $100,000 to Mr Sam Childers" and that Childers agreed that he "will repay to [Plaintiff] USD 100,000 (USD One hundred thousand) plus a consideration of $20,000." Complaint ¶5 & Ex. A. Defendants admitted

that Plaintiff performed her obligation under the contract by wiring $100,000 to Angels and that neither Childers nor Angels has repaid any of the $100,000 or the additional $20,000 that Childers agree to pay. Defendants' Response to Plaintiff's Requests for Admissions ¶¶2, 5.

None of the arguments made by Defendants shows any genuine issue of disputed fact with respect to any element of Plaintiffs' breach of contract claim. Contrary to Defendants' contention, the written contract was not ambiguous. While the contract states that the purpose of the loan was "to cover the printing cost of Samuel Childers new book," it contains no language making the loan, the repayment, or the amount of the loan or repayment contingent on the successful publication of the book or dependent on the cost of publishing the book. Rather, it sets forth a definite amount to be loaned, a definite amount to be repaid, and a time for repayment without regard the publication of the book or its cost.

Defendants' claims that there were other terms of the contract in oral communications and that they understood that the payment was a donation rather than a loan could not create a genuine issue of fact because Defendants submitted no affidavits or other evidence of such communications or understandings in response to Plaintiff's summary judgment motion. Where, as here, a properly supported motion for summary judgment has been filed, the adverse party cannot show a genuine dispute of fact based on mere allegations, but must identify evidence in the record of the facts that he claims

are in dispute or produce evidence of those facts. Pa.R.C.P. 1035.3(a); *American Southern Insurance Co.*, 203 A.3d at 227; *CitiMortgage v. Barbezat*, 131 A.3d 65, 69-70 (Pa. Super. 2016).

Moreover, Defendants' claims that they subjectively believed that the $100,000 was a donation rather than a loan would not create a dispute of material fact even if it had been supported by evidence. Where the parties have set forth their rights and obligations in an unambiguous writing, their intent must be determined from the writing itself, not from testimony as to their subjective understanding or intent. *Murphy v. Duquesne University of the Holy Ghost*, 777 A.2d 418, 429 (Pa. 2001); *Steuart v. McChesney*, 444 A.2d 659, 661-63 (Pa. 1982); *Hart*, 884 A.2d at 332. "Under contract law, the objective manifestation of the parties is the governing factor regardless of subjective beliefs and reservations. … 'In ascertaining the intent of the parties to a contract, it is their outward and objective manifestations of assent, as opposed to their undisclosed and subjective intentions, that matter.'" *Rambo v. Greene*, 906 A.2d 1232, 1236 (Pa. Super. 2006) (quoting *Ingrassia Construction Co. v. Walsh*, 486 A.2d 478 (Pa. Super. 1984)).

Defendants' claim that there were disputed issues of fact with respect to the elements of Plaintiffs' unjust enrichment claim likewise fails. The elements of a cause of action for unjust enrichment are 1) a benefit conferred on the defendant by the plaintiff, 2) the appreciation of such benefit by the

defendant, and 3) the acceptance and retention of such benefit under such circumstances that it would be inequitable for the defendant to retain the benefit without payment of value. ***Gutteridge v. J3 Energy Group, Inc.***, 165 A.3d 908, 917 (Pa. Super. 2017) (*en banc*); ***Discover Bank v. Stucka***, 33 A.3d 82, 88 (Pa. Super. 2011). Defendants' admissions established all of these elements.

Defendants admitted that Angels received, was aware of, and accepted a benefit from Plaintiff, a $100,000 payment, and did not return those funds to Plaintiff. Defendants' Response to Plaintiff's Requests for Admissions ¶¶2-3, 5. Defendants' admissions also established that Angels received this money knowing that it was a loan that was subject to a repayment obligation. Defendants admitted that the Angels received the wire transfer of $100,000 pursuant to the contract between Childers and Plaintiff that expressly provided that the $100,000 was a loan to be repaid in 90 days and the wire transfer to Angels specifically referenced that contract. ***Id.*** ¶2; Complaint Exs. A and B. Having accepted the $100,000 with knowledge that it was obtained under a contract that required a payment to Plaintiff, Angels' retention of that benefit without payment of value was inequitable. ***Gutteridge***, 165 A.3d at 917-18.[2]

---

[2] Defendants do not challenge the amount of the unjust enrichment judgment and did not challenge the amount sought on this count in the trial court. Rather, they have argued only that no unjust enrichment was shown at all. Any claim that Angels' unjust enrichment was limited to the $100,000 that it received, rather than the $120,000 owed on the contract, is therefore waived.

Defendants argue that there is no evidence that the $100,000 was used to benefit Angels. That, however, is immaterial. How a recipient chose to spend funds that it received and knowingly accepted is not an element of unjust enrichment. The absence of evidence as to Angels' use of the $100,000 does not negate the facts that it received the $100,000, that it knew that the $100,000 was a loan, and that it did not return or repay those funds to Plaintiff. There is, moreover, no claim that Angels performed services for Plaintiff in exchange for those funds or expended those funds to benefit Plaintiff.

Defendants also argue that the retention of the $100,000 without any repayment was not inequitable because the funds were a donation. This argument fails because the claim that the funds were a donation is without any support in the record. As was discussed above in addressing the breach of contract judgment, the undisputed facts before the trial court established that the $100,000 was a loan, not a donation. Defendants admitted that the $100,000 was provided pursuant to the written contract between Plaintiff and Childers and that contract expressly provided that the funds were loaned and required repayment of $120,000. Complaint ¶5 & Ex. A; Answer ¶5; Defendants' Response to Plaintiff's Requests for Admissions ¶1.

Because Defendants' admissions established all of the elements of Plaintiff's breach of contract and unjust enrichment causes of action, we affirm the trial court's grant of summary judgment in Plaintiff's favor.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2019