J-A01031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWARD DOUGHERTY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JAY AND CAROL JAY | : | No. 1014 EDA 2019 |

Appeal from the Order Entered March 21, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No.: 2017-00480

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 06, 2020**

Appellant, Edward Dougherty (Dougherty), appeals from the Order of March 21, 2019, granting summary judgment in favor of William Jay and Carol Jay (collectively Homeowners).  We reverse.

The facts established as undisputed on Homeowners' Motion for Summary Judgment are as follows.  Dougherty and Carol Jay were co-workers at a food and beverage packaging company.  Complaint ¶ 6; Carol Jay Dep. at 5.  During times of inclement weather, Dougherty occasionally drove to Homeowner's residence to pick up Carol Jay and drive her to and from work.  Complaint ¶ 6; Carol Jay Dep. at 15.  Carol Jay called Dougherty the night before February 9, 2015, and asked him to pick her up to drive her to work in

_____

[*] Retired Senior Judge assigned to the Superior Court.

the morning because the weather was forecasted to be freezing rain. Complaint ¶ 7; Carol Jay Dep. at 9. Dougherty lived only a couple of minutes away from Carol Jay. Dougherty Dep. at 23. The temperature was approximately thirty degrees and light freezing rain and freezing drizzle fell in the location of Homeowners' house at times between 3:00 a.m. and 7:00 a.m. **See** Dougherty's expert weather report. Dougherty did not encounter any slippery conditions at his home and noted it was just wet outside. Dougherty Dep. at 27. When Dougherty left his house, at approximately 6:00 a.m., it was raining or drizzling. **Id**. at 23. Dougherty did not encounter any weather conditions other than rain or drizzle on his drive from his home to Homeowners' home. **Id**. at 25. Dougherty arrived at Homeowners' residence at 6:30 a.m. Complaint at ¶ 8. Carol Jay walked down the grass with boots on and waited for Dougherty at the bottom of her driveway, on the grass. Carol Jay Dep. at 8. Dougherty got out of his car, walked around the front of his car to the apron of Homeowners' driveway to retrieve the newspaper, intending to toss it to the front porch. Dougherty Dep. at 26-27, 40; Carol Jay Dep. at 7. Dougherty did not see any ice. Dougherty Dep. at 38. Dougherty retrieved the newspaper because he knew William Jay had various physical limitations. **Id**. at 26. Dougherty felt it was slippery and said to Carol Jay, "be careful[,] [i]t's slippery." **Id**. at 38. As he bent down to pick up the paper, his foot slid on ice causing him to fall and break his leg and ankle. **Id**. at 26-27. It was still raining or drizzling at the time Dougherty

fell.[1]  *Id*. at 35; Carol Jay Dep. at 9.  When Emergency Medical Services arrived, an officer asked Carol Jay to go get rock salt and put it down. Dougherty Dep. at 37; Carol Jay Dep. at 12-13.

On January 26, 2017, Dougherty filed a complaint against Homeowners for negligence in failing to remove the ice from their driveway.  Homeowners filed an answer on March 13, 2017 and incorporated new matter asserting claims of comparative negligence, contributory negligence, statute of limitations, assumption of risk and failure to state a cause of action. Dougherty filed a reply to the new matter on March 28, 2017.  On October 22, 2018, Homeowners filed a motion for summary judgment on the basis that Dougherty cannot establish Homeowners had notice of the slippery condition, nor can he establish that the slippery condition consisted of "hills and ridges." Homeowners' Motion for Summary Judgment at ¶ 21-22.  Dougherty filed a response on December 12, 2018, and argued that the "hills and ridges" doctrine does not apply because there were disputed issues of fact as to whether the slippery condition was a general condition throughout the community, and whether Carol Jay had notice of the slippery conditions of her sidewalk and failed to warn Dougherty.  On March 21, 2019, the trial court granted summary judgment in favor of Homeowners based on the hills and

_____

[1] In their motion for summary judgment, Homeowners do not challenge that Dougherty incurred actual damage as a result of his fall.

ridges doctrine. Trial Court Opinion at 3. On April 1, 2019, Dougherty filed

this timely appeal.[2]

Dougherty raises the following issues before this Court:

1. Does the "hills and ridges" doctrine preclude liability for the [Homeowners], when [Carol Jay] knew of dangerous conditions and had the opportunity to make the condition safe or warn [Dougherty]?

2. Is the application of the "hills and ridges" doctrine a jury question?

3. Should the Estate of William Jay be substituted?[3]

Dougherty's Brief at 10 (suggested answers omitted.)

Summary judgment is appropriate where the record clearly demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. Whether there are no genuine issues as to any material fact presents a question of law, and therefore, our standard of review is *de novo* and our scope of review plenary.

The Pennsylvania Rules of Civil Procedure recognize two species of summary judgment: After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who

---

[2] Dougherty filed his statement of errors complained of on appeal on April 19, 2019. The trial court entered its opinion on April 24, 2019.

[3] Carol Jay filed a suggestion of death for William Jay on October 22, 2018, stating that William Jay died on August 31, 2018. Resolution of this issue is not necessary to this appeal.

will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Thus, we have previously remarked, "a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury."

***American Southern Insurance Co. v. Halbert***, 203 A.3d 223, 226 (Pa. Super. 2019) (internal citations omitted); Pa.R.C.P. 1035.2.

Dougherty's complaint contained a single count of negligence, alleging Homeowners' failure to ensure their driveway was free of ice posed an unreasonable risk to him. For a party to prevail in a negligence action, a plaintiff must prove that the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages. ***Schemberg v. Smichero***, 85 A.3d 1071, 1073-74 (Pa. Super. 2014).

A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if, the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and the licensees do not know or have reason to know of the condition and the risk involved. Liability will only be imposed if all of the criteria are met. . . . [T]he possessor of the land [must] have actual or constructive notice of the allegedly dangerous condition.

***Alexander v. City of Meadville***, 61 A.3d 218, 221–22 (Pa. Super. 2012); Restatement (Second) of Torts § 342.

In Pennsylvania, courts have created the hills and ridges doctrine, to refine and clarify the duty owed by a possessor of land applicable when the dangerous condition is ice and snow. *Collins v. Philadelphia Suburban Development Corp.*, 179 A.3d 69, 74 (Pa. Super. 2018). However, additional proof of hills and ridges is necessary only when the accident occurred at a time when general slippery conditions prevailed in the community. *Tonik v. Apex Garages, Inc.*, 275 A.2d 296, 298 (Pa. 1971). The doctrine of "hills and ridges" will not prevent a plaintiff's recovery when the hazard is not the result of a general slippery condition prevailing in the community, but of a localized patch of ice. *Harmotta v. Bender*, 601 A.2d 837 (Pa. Super. 1992).

The trial court concluded that it was undisputed that generally slippery conditions prevailed in the community. We find there exists a genuine issue of material fact regarding this issue.

Dougherty's deposition testimony established that although he lived a couple of minutes away from Carol Jay, he did not encounter any slippery conditions at his home and noted it was just wet outside. Dougherty Dep. 27. When Dougherty left his house, at approximately 6:00 a.m., it was raining or drizzling. *Id*. at 23. Dougherty did not encounter any weather conditions other than rain or drizzle on his drive from his home to Carol Jay's home. *Id*. at 25. Additionally, Dougherty submitted an expert weather report concluding

with respect to the weather conditions that were present at the location of Homeowners' residence:

> Between 3:00 a.m. and 7:00 a.m., there were periods of light freezing rain and freezing drizzle. The steadiest and heaviest precipitation was between 4:30 a.m. and 5:15 a.m. . . .
>
> [A]t approximately 6:30 a.m., the sky was cloudy, the temperature was around 30 degrees and the wind was blowing. . . . The freezing rain and freezing drizzle made some untreated surfaces slippery, especially less traveled surfaces such as sidewalks, driveways and parking lots. . . . There was plenty of notice that a winter weather event was coming. All forecasts for that area issued by the Philadelphia/Mount Holly office of the National Weather Service from 6:30 a.m. on February 8, 2015 through 3:30 a.m. on February 9, 2015 were headlined with a Winter Weather Advisory for an event that was to begin during the pre-sunrise hours of February 9, 2015.

*See* Dougherty's expert weather report. The report's findings were confined to the location of Homeowners' residence.

This is not a case where the evidence demonstrated there was an active blizzard affecting the entire area. *Collins*, 179 A.3d at 71 (blizzard was occurring at the time of appellants fall, the weather conditions shortly before and at the time of the slip and fall were uncontested). Nor was evidence presented that driving conditions were treacherous as a result of freezing precipitation that had blanketed the entire area, or that Dougherty was aware that freezing precipitation fell, both relevant in determining generally slippery conditions existed in the community. *Mortin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1088-89 (Pa. Super. 1997). In *Mortin*, this Court determined it was "clear as a pristine spring that generally slippery conditions existed" where freezing precipitation began the night before and continued into the

morning hours prior to appellants' fall, numerous news accounts reported that driving was "treacherous as a result of the freezing precipitation that had blanketed the entire Lancaster area," and appellant herself realized after she fell that the entire parking lot was covered with a thin glaze of ice. ***Id***. In ***Lopez v. Albright College***, No. 528 MDA 2019 (Pa. Super. filed October 4, 2019) (unpublished memorandum at 1), there was no dispute that a major snowstorm occurred in Reading, which included snow, rain, freezing rain, and sleet and appellant testified that the weather on the day she fell was snowy and icy.

Evidence was submitted by Dougherty sufficient for a jury to find that the weather conditions at Dougherty's home, a couple of minutes away from Homeowners' home, were wet but not slippery or icy. Dougherty testified that he did not encounter any icy conditions at his home or on his way to Homeowners' home. The expert weather report indicates that the weather conditions at Homeowners' home were freezing rain and freezing drizzle. Accordingly, there was a genuine issue of material fact as to whether generally slippery conditions prevailed in the community and summary judgment should not be granted based on the hills and ridges doctrine.

Homeowners also moved for summary judgment on the basis that Dougherty could not prove Homeowners had notice of the dangerous condition. Summary judgment cannot be sustained on this basis. Dougherty presented evidence from which a jury could find that Carol Jay had notice of

the dangerous condition. Carol Jay testified that she walked down the grass of her property, not her driveway, in boots, and waited for Dougherty on the grass, not the driveway. Carol Jay Dep. at 8. Dougherty testified in his deposition that Carol Jay was walking down the grass when he fell. Dougherty Dep. at 29. The deposition testimony also showed that Carol Jay invited Dougherty to her home to pick her up specifically based on the forecasted freezing rain. Carol Jay Dep. at 6. Dougherty testified that Carol Jay asked him to pick her up because there was inclement weather forecasted, other than rain. Dougherty Dep. at 23. This is evidence that Carol Jay had actual notice of the dangerous condition. Taking inferences in favor of the non-movant, as we must on summary judgment, ***American Southern Insurance Co.***, 203 A.3d at 226, a jury could infer that Carol Jay knew that her pavement was too slippery or icy to walk on and that is why she chose to walk down the grass.

Because there was a genuine issue of material fact as to whether the hills and ridges doctrine applies, summary judgment was improperly granted. Accordingly, we reverse the trial court's order.

Order reversed. Remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/20