J-S09031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M&T BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JILL ABRAMS LAPENSOHN AND | : | |
| HOWARD C. LAPENSOHN | : | |
| | : | No. 2608 EDA 2019 |
| Appellants | : | |

Appeal from the Order Entered July 22, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2018-12809

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: April 1, 2021

Jill Abrams Lapensohn and Howard C. Lapensohn ("the Lapensohns") appeal from the Order granting the Motion for Summary Judgment, filed by M&T Bank ("M&T"), in this ejectment action filed by M&T.  We affirm.

In January 2018, following a foreclosure action, M&T purchased, at a sheriff's sale, a property located at 1106 Robin Road, Gladwyne, Montgomery County, Pennsylvania ("the property").  The Lapensohns previously owned the property, and continued to live on the property after the foreclosure and sheriff's sale.

On May 11, 2018, M&T filed a Complaint in Ejectment, alleging that it had purchased the property, and that the Lapensohns had not vacated the

premises.[1]  The Lapensohns filed Preliminary Objections, and, in response, M&T filed an Amended Complaint.  The Lapensohns filed new Preliminary Objections, which the trial court overruled.  The Lapensohns subsequently filed an Answer and New Matter, alleging that M&T "was not properly sold the property," and therefore, the Lapensohns were "still entitled to ownership."[2] Answer to Amended Complaint, 10/12/18, at 1-4.  In their New Matter, the Lapensohns raised various affirmative defenses, and Counterclaims, which alleged that the mortgage foreclosure and the subsequent sheriff's sale were improper on grounds of unjust enrichment, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, fraud, and false pretenses.

M&T filed Preliminary Objections to the Lapensohns' Answer, New Matter, and Counterclaims, alleging that the Answer and New Matter were untimely filed, and that the Counterclaims failed to state a claim that arises from the same transaction raised in M&T's Amended Complaint, in violation

---

[1] M&T's Complaint named a "John Doe" as a third defendant.  However, the Lapensohns' Answer did not acknowledge that a third party resided at the home.  Additionally, the Lapensohns' Notice of Appeal did not include a third party.

[2] The Lapensohns' Answer does not elaborate as to how M&T was not "properly sold the property."

of Pa.R.C.P. 1056.[3]  The Lapensohns filed a Response to M&T's Preliminary Objections.  On December 17, 2018, the trial court overruled M&T's Preliminary Objection to the Lapensohns' Answer, sustained M&T's Preliminary Objection to the Lapensohns' Counterclaims, and struck the Counterclaims from the record.  M&T subsequently filed a Reply to the Lapensohns' New Matter.

On January 2, 2019, M&T filed a Motion for Summary Judgment, alleging that the Lapensohns had failed to raise a genuine issue of material fact.  On January 30, 2019, the Lapensohns filed a Motion to Compel, alleging that the trial court had failed to schedule a case management conference, and claiming that the Lapensohns had submitted a Notice of Deposition to M&T, to which M&T failed to respond.  The Lapensohns requested that the trial court "craft an order[,] so a deposition is required to be scheduled as soon as possible[,]" and schedule a case management conference.  Motion to Compel, 1/30/19, at 2-3.  On February 2, 2019, the Lapensohns filed a Response to M&T's Motion for Summary Judgment, alleging that summary judgment could not be entered because "no discovery ha[d] taken place."  Response to Motion for Summary Judgment, 2/4/19, at 6.  On March 6, 2019, M&T filed a Response

---

[3] Rule 1056 states, in relevant part, that "[t]he defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the cause of action arose." Pa.R.C.P. 1056.

to the Lapensohns' Motion to Compel, alleging that it did not respond to the Lapensohns' Notice of Deposition because it was defective pursuant to Pa.R.C.P. 4007.1(a)[4] and Montgomery County Local Rule 208.2(e).[5]

On July 22, 2019, the trial court granted M&T's Motion for Summary Judgment. The Lapensohns filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, the Lapensohns raise the following questions for our review:

a. Whether the trial court erred in granting [M&T's Motion for Summary Judgment,] when all defenses and arguments were not fully considered[?]

b. Whether the trial court erred when it ignored the factual and legal basis presented by [the Lapensohns'] arguments presented in the paperwork[?]

c. Whether the trial court erred in not requiring [M&T] to respond to the outstanding discovery requests, including Notices of Deposition, when proper notice was not given to [the Lapensohns] or [the Lapensohns'] counsel[?]

---

[4] Rule 4007.1(a) states that

[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action, except that no notice need be given a defendant who was served by publication and has not appeared in the action. A party noticed to be deposed shall be required to appear without subpoena.

Pa.R.C.P. 4007.1

[5] Montgomery County Local Rule 208.2(e) states, in relevant part, that "[a]ny motion relating to discovery must include a certification by counsel for the moving party that counsel has conferred or attempted to confer with all interested parties in order to resolve the matter without court action." M.C.R.C.P. 208.2(e).

d. Whether the trial could [*sic*] should have ruled on the [M]otion for [S]ummary [J]udgment when there was outstanding discovery still[?]

Brief for Appellant at 2 (issues reordered).

In their first and second claims, the Lapensohns argue that the trial court failed to consider their Counterclaims and defenses before granting M&T's Motion for Summary Judgment. ***See id.*** at 8-13, 15-17. The Lapensohns' Counterclaims alleged that their prior mortgage foreclosure and the subsequent sheriff's sale were improper on grounds of unjust enrichment, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, fraud, and false pretenses. ***Id.*** at 8-13. The Lapensohns assert that these claims raise issues of material fact, and precluded the trial court from granting M&T's Motion for Summary Judgment. ***Id.*** at 15-17.

> Summary judgment is appropriate where the record clearly demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. Whether there are no genuine issues as to any material fact presents a question of law, and therefore, our standard of review is *de novo* and our scope of review plenary.

***Am. S. Ins. Co. v. Halbert***, 203 A.3d 223, 226 (Pa. Super. 2019).

Pennsylvania Rule of Civil Procedure 1035.2 states, in relevant part, that

> [a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law … whenever there is no genuine issue of any material fact as to a necessary element

of the cause of action or defense which could be established by additional discovery or expert report.

Pa.R.C.P. 1035.2.

Here, the trial court granted M&T's Preliminary Objection to the Lapensohns' Counterclaims, and struck the Counterclaims from the record. Thus, the trial court could not consider the Counterclaims when addressing M&T's Motion for Summary Judgment. *See id.* The Lapensohns have not claimed that the trial court erred in granting M&T's Preliminary Objection. Accordingly, the trial court did not err in granting M&T's Motion for Summary Judgment on these grounds. *See* Pa.R.C.P. 1035.2; *Am. S. Ins. Co.*, *supra*.

In their third and fourth claims, the Lapensohns argue that the trial court erred in granting M&T's Motion for Summary Judgment when discovery remained outstanding. Brief for Appellant at 13-15, 17-18. The Lapensohns claim that the depositions and materials requested in their discovery requests may have revealed issues of material fact. *Id.*

In its Opinion, the trial court stated the applicable law, cogently and thoroughly addressed the Lapensohns' third and fourth claims, and concluded that they lack merit. *See* Trial Court Opinion, 10/13/20, at 8-13. We agree with the sound reasoning and determinations of the trial court, as set forth in its Opinion, and we affirm thereon regarding these claims. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/21