J-S09031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M&T BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JILL ABRAMS LAPENSOHN AND | : | |
| HOWARD C. LAPENSOHN | : | |
| | : | No. 2608 EDA 2019 |
| Appellants | : | |

Appeal from the Order Entered July 22, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2018-12809

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: Filed: April 1, 2021

Jill Abrams Lapensohn and Howard C. Lapensohn ("the Lapensohns") appeal from the Order granting the Motion for Summary Judgment, filed by M&T Bank ("M&T"), in this ejectment action filed by M&T. We affirm.

In January 2018, following a foreclosure action, M&T purchased, at a sheriff's sale, a property located at 1106 Robin Road, Gladwyne, Montgomery County, Pennsylvania ("the property"). The Lapensohns previously owned the property, and continued to live on the property after the foreclosure and sheriff's sale.

On May 11, 2018, M&T filed a Complaint in Ejectment, alleging that it had purchased the property, and that the Lapensohns had not vacated the

premises.[1]  The Lapensohns filed Preliminary Objections, and, in response, M&T filed an Amended Complaint.  The Lapensohns filed new Preliminary Objections, which the trial court overruled.  The Lapensohns subsequently filed an Answer and New Matter, alleging that M&T "was not properly sold the property," and therefore, the Lapensohns were "still entitled to ownership."[2]  Answer to Amended Complaint, 10/12/18, at 1-4.  In their New Matter, the Lapensohns raised various affirmative defenses, and Counterclaims, which alleged that the mortgage foreclosure and the subsequent sheriff's sale were improper on grounds of unjust enrichment, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, fraud, and false pretenses.

M&T filed Preliminary Objections to the Lapensohns' Answer, New Matter, and Counterclaims, alleging that the Answer and New Matter were untimely filed, and that the Counterclaims failed to state a claim that arises from the same transaction raised in M&T's Amended Complaint, in violation

---

[1] M&T's Complaint named a "John Doe" as a third defendant.  However, the Lapensohns' Answer did not acknowledge that a third party resided at the home.  Additionally, the Lapensohns' Notice of Appeal did not include a third party.

[2] The Lapensohns' Answer does not elaborate as to how M&T was not "properly sold the property."

of Pa.R.C.P. 1056.[3]  The Lapensohns filed a Response to M&T's Preliminary Objections.   On December 17, 2018, the trial court overruled M&T's Preliminary Objection to the Lapensohns' Answer, sustained M&T's Preliminary Objection to the Lapensohns' Counterclaims, and struck the Counterclaims from the record.  M&T subsequently filed a Reply to the Lapensohns' New Matter.

On January 2, 2019, M&T filed a Motion for Summary Judgment, alleging that the Lapensohns had failed to raise a genuine issue of material fact.  On January 30, 2019, the Lapensohns filed a Motion to Compel, alleging that the trial court had failed to schedule a case management conference, and claiming that the Lapensohns had submitted a Notice of Deposition to M&T, to which M&T failed to respond.  The Lapensohns requested that the trial court "craft an order[,] so a deposition is required to be scheduled as soon as possible[,]" and schedule a case management conference.  Motion to Compel, 1/30/19, at 2-3.  On February 2, 2019, the Lapensohns filed a Response to M&T's Motion for Summary Judgment, alleging that summary judgment could not be entered because "no discovery ha[d] taken place."  Response to Motion for Summary Judgment, 2/4/19, at 6.  On March 6, 2019, M&T filed a Response

---

[3] Rule 1056 states, in relevant part, that "[t]he defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the cause of action arose." Pa.R.C.P. 1056.

to the Lapensohns' Motion to Compel, alleging that it did not respond to the Lapensohns' Notice of Deposition because it was defective pursuant to Pa.R.C.P. 4007.1(a)[4] and Montgomery County Local Rule 208.2(e).[5]

On July 22, 2019, the trial court granted M&T's Motion for Summary Judgment. The Lapensohns filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, the Lapensohns raise the following questions for our review:

a. Whether the trial court erred in granting [M&T's Motion for Summary Judgment,] when all defenses and arguments were not fully considered[?]

b. Whether the trial court erred when it ignored the factual and legal basis presented by [the Lapensohns'] arguments presented in the paperwork[?]

c. Whether the trial court erred in not requiring [M&T] to respond to the outstanding discovery requests, including Notices of Deposition, when proper notice was not given to [the Lapensohns] or [the Lapensohns'] counsel[?]

_____

[4] Rule 4007.1(a) states that

[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action, except that no notice need be given a defendant who was served by publication and has not appeared in the action. A party noticed to be deposed shall be required to appear without subpoena.

Pa.R.C.P. 4007.1

[5] Montgomery County Local Rule 208.2(e) states, in relevant part, that "[a]ny motion relating to discovery must include a certification by counsel for the moving party that counsel has conferred or attempted to confer with all interested parties in order to resolve the matter without court action." M.C.R.C.P. 208.2(e).

d. Whether the trial could [*sic*] should have ruled on the [M]otion for [S]ummary [J]udgment when there was outstanding discovery still[?]

Brief for Appellant at 2 (issues reordered).

In their first and second claims, the Lapensohns argue that the trial court failed to consider their Counterclaims and defenses before granting M&T's Motion for Summary Judgment. ***See id.*** at 8-13, 15-17. The Lapensohns' Counterclaims alleged that their prior mortgage foreclosure and the subsequent sheriff's sale were improper on grounds of unjust enrichment, Pennsylvania's Unfair Trade Practices and Consumer Protection Law, fraud, and false pretenses. ***Id.*** at 8-13. The Lapensohns assert that these claims raise issues of material fact, and precluded the trial court from granting M&T's Motion for Summary Judgment. ***Id.*** at 15-17.

> Summary judgment is appropriate where the record clearly demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. Whether there are no genuine issues as to any material fact presents a question of law, and therefore, our standard of review is *de novo* and our scope of review plenary.

***Am. S. Ins. Co. v. Halbert***, 203 A.3d 223, 226 (Pa. Super. 2019).

Pennsylvania Rule of Civil Procedure 1035.2 states, in relevant part, that

> [a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law … whenever there is no genuine issue of any material fact as to a necessary element

of the cause of action or defense which could be established by additional discovery or expert report.

Pa.R.C.P. 1035.2.

Here, the trial court granted M&T's Preliminary Objection to the Lapensohns' Counterclaims, and struck the Counterclaims from the record. Thus, the trial court could not consider the Counterclaims when addressing M&T's Motion for Summary Judgment. *See id.* The Lapensohns have not claimed that the trial court erred in granting M&T's Preliminary Objection. Accordingly, the trial court did not err in granting M&T's Motion for Summary Judgment on these grounds. *See* Pa.R.C.P. 1035.2; *Am. S. Ins. Co.*, *supra*.

In their third and fourth claims, the Lapensohns argue that the trial court erred in granting M&T's Motion for Summary Judgment when discovery remained outstanding. Brief for Appellant at 13-15, 17-18. The Lapensohns claim that the depositions and materials requested in their discovery requests may have revealed issues of material fact. *Id.*

In its Opinion, the trial court stated the applicable law, cogently and thoroughly addressed the Lapensohns' third and fourth claims, and concluded that they lack merit. *See* Trial Court Opinion, 10/13/20, at 8-13. We agree with the sound reasoning and determinations of the trial court, as set forth in its Opinion, and we affirm thereon regarding these claims. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/21

Circulated 03/25/2021 10:26 AM

## THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| M & T BANK | : | SUPERIOR COURT |
| | : | NO. 2608 EDA 2019 |
| v. | : | |
| | : | |
| JILL ABRAMS LAPENSOHN | : | |
| HOWARD C. LAPENSOHN and | : | TRIAL COURT |
| JOHN DOE | : | NO. 2018-12809 |

**ROGERS, J.**                                   **OCTOBER 13, 2020**

***OPINION***

2018-12809-0056  10/13/2020 8:33 AM # 12890603
Rcpt#Z3942516 Fee:$0.00 Opinion
Main (Public)
MontCo Prothonotary

### I.     INTRODUCTION

Appellants, Jill Abrams Lapensohn, Howard C. Lapensohn, and John Doe ("Appellants") have appealed to the Superior Court of Pennsylvania ("Superior Court") from this court's July 22, 2019 order granting summary judgment in favor of Appellee, M & T Bank ("M & T Bank"). For the reasons set forth below, the court's order should be affirmed.

### II.    FACTUAL AND PROCEDURAL HISTORY

Appellee M & T Bank maintains its principal place of business on Crosspointe Parkway in Getzville, New York. (amended complaint, filed 6/27/18, at ¶ 1). Appellants Jill Abrams Lapensohn and Howard C. Lapensohn reside at 1106 Robin Road in Gladwyne, Montgomery County.

("property") (*Id.* at ¶ 2). Appellant John Doe is an unknown adult individual who also resides at the property. (*Id.* at ¶ 3). On January 31, 2018, the Montgomery County Sheriff's Department sold the property at Sheriff's Sale after due advertisement according to law and under and by virtue of a writ of execution issued by this court, in the case of *Hudson City Savings Bank v. Howard C. Lapensohn, Jill Abrams Lapensohn & USA* at docket number 2014-27824. (*Id.* at ¶ 4). M & T Bank settled with the Sheriff, and the deed in favor of M & T Bank was duly recorded on January 23, 2018. (*Id.* at ¶ 5). By virtue of the Sheriff's sale, M & T Bank became the rightful owner of the property and entitled to its possession. (*Id.* at ¶ 6,).

On May 11, 2018, M & T Bank filed a complaint in ejectment and on June 27, 2018, an amended complaint for possession of the property. Appellants filed an answer, new matter and counterclaim on October 12, 2018, denying all claims but admitting that Appellants still lived at the property. (answer to amended complaint, filed 10/12/18, at ¶¶ 1-11). Appellants' answer did not raise a genuine issue as to any material fact. The court struck Appellants' counterclaim by order docketed on December 17, 2018, and M & T Bank filed a reply to new matter on December 18, 2018.

M & T Bank then filed a motion for summary judgment on January 2, 2019. Appellants filed a motion to compel discovery responses on January 30, 2019. (motion to compel, filed 1/30/19, Docket Seq. #16).

2

In their untimely and improper response in opposition to the motion for summary judgement filed on February 4, 2019,[1] Appellants claimed that M & T Bank should not be granted summary judgment as discovery was ongoing due to a notice of deposition sent to M & T Bank's Counsel on December 9, 2018. (Appellants' response to plaintiff's motion for summary judgment and requiest [sic] for a discovery management conference pursuant to local rule 4019(5), filed 2/4/19, at 5-6; Docket Seq. #17). Appellants addressed the notice of deposition to Counsel instead of M & T Bank and requested a records keeper to bring all documents sent or received in connection with the bank loan and all correspondence from Appellants. (supplemental brief in support of M & T Bank's motion for summary judgment, filed 5/28/19, Plaintiff's Exhibit A, Notice of Deposition; Docket Seq. #24). Appellants claimed that M & T Bank had not responded to and had blatantly ignored the notice of deposition. (Appellants' response at 5-6; Seq. 17).

In their response, Appellants further alleged that Montgomery County Local Rule 4019(5) required the court to schedule a discovery management conference. (*Id.* at 3). Appellants argued that Rule 4019(5), as well as Local Rule 200(3)(c) permitted Appellants to request a discovery management conference because the court had not scheduled a conference. (*Id.* at 3-4).

---

[1] In addition to filing their response late, Appellants failed to file an answer, a cover sheet and a proposed order along with their memorandum of law pursuant to Montgomery County Local Rule 1035.2(a)(2).

3

On March 8, 2019, M & T Bank filed a response to Appellants' motion to compel, specifically denying that M & T Bank had ignored Appellants' notice of deposition, stating that there was no record of ever having received it. (plaintiff's response to defendant's motion to compel, filed 3/8/19, at ¶ 5; Seq. 19). Moreover, M & T Bank asserted that Appellants' notice of deposition was so procedurally and factually deficient that M & T Bank was incapable of complying with it. (*Id.*). Despite these alleged deficiencies, however, M & T Bank substantially complied with the notice of deposition by voluntarily giving Appellants the same documents they would have received had a deposition occurred, namely copies of documents related to the foreclosed mortgage. (plaintiff's response at ¶ 5; supplemental brief at 2; Seq. 24).

Court Administration scheduled an argument on Appellants' motion to compel before a discovery master for March 15, 2019. (notification of listing for discovery argument, docketed 3/12/19; Seq. 20). Appellants sought and received a continuance and court administration rescheduled oral argument for March 29, 2019. (notification of listing for discovery argument, docketed 3/26/19; Seq. 23). Although Counsel for M & T Bank appeared, neither Appellants nor their Counsel appeared for the argument on their motion. Consequently, the discovery master recommended that the court strike the motion.

On May 28, 2019, M & T Bank filed a supplemental brief in support of its motion for summary judgment noting, e.g., the failure of

Appellants to appear at argument or to pursue the discovery they alleged they needed. (supplemental brief at 2). Appellants did not file a response to M & T Bank's supplemental brief, nor did they pursue any additional discovery.

On July 22, 2019, the undersigned issued an order granting M & T Bank's motion for summary judgment. (order: motion for summary judgment, docketed July 22, 2019). Therein, the court granted M & T Bank's request for immediate possession of the property located at 1106 Robin Road in Gladwyne, Montgomery County. The court further ordered that lockout of the property shall not be postponed, continued, or stayed absent the agreement of all parties.

On August 21, 2019, Appellants filed a timely notice of appeal to the Superior Court from this court's July 22, 2019 order granting M & T Bank's motion for summary judgement. On August 30, 2019, the court directed Appellants to file a concise statement of the errors complained of on appeal ("statement"). Appellants filed their statement on September 9, 2019.

## III. ISSUES

Appellants raise the following issues on appeal:[2]

    a.    Whether the trial court erred in granting the motion for summary judgment of Plaintiff when all defenses and arguments were not fully considered.

---

[2] The court has reordered the issues for ease of disposition.

5

[b.]   Whether the trial court erred when it ignored the factual and legal basis presented by Defendant's [sic] arguments presented in the paperwork.

[c.]   Whether the trial court erred in not requiring Plaintiff to respond to the outstanding discovery requests, including Notices of Deposition, when proper notice was not given to Appellants or Appellants' counsel.

d.     Whether the trial could [sic] should have ruled on the motion for summary judgment when there was outstanding discovery still.

(Appellants' statement filed September 9, 2019).

## IV.   DISCUSSION

In Appellants' first two issues on appeal, Appellants aver that a) the trial court erred in granting M & T Bank's motion for summary judgment when it did not fully consider all defenses and arguments and b) the trial court erred when it ignored the factual and legal basis presented by Appellants' arguments in their paperwork. Appellants have waived these issues.

The purpose of Pennsylvania Rule of Appellate Procedure 1925(b) is to narrow the focus of an appeal to those issues that an appellant wishes to raise on appeal. The rule sets clear requirements to avoid waiver:

(i)    The Statement shall set forth only those rulings or errors that the appellant intends to challenge.

(ii)   The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to

6

authorities; however, appellant may choose to include pertinent authorities in the Statement.

*Mahonski v. Engel*, 145 A.3d 175, 180 (Pa.Super. 2016) (citing Pa.R.A.P.1925(b)(4)(i)–(ii)).

"[A] 1925(b) statement must be 'sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith.'" (*Id.* at 181, citing *Jiricko v. Geico Insurance Company*, 947 A.2d 206, 210 (Pa.Super. 2008)). "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Williams*, 204 A.3d 489, 495 (Pa.Super. 2019) (citation omitted).

Here, Appellants have failed to identify the specific defenses, arguments, facts, or law that they claim the court did not consider. This lack of clarifying detail and substance in Appellants' statement follows from a pattern of conduct in which Appellants, throughout the history of this case, willingly forewent the opportunity to identify and present specific evidence and arguments in their defense. Most notably, Appellants failed to appear at their own discovery argument scheduled in response to their motion to compel. Appellants then failed to follow up on their motion to compel or with any other discovery requests. Finally, after M & T Bank filed a supplemental brief in support of its motion for summary judgment, Appellants offered no response. Now, in their statement on appeal, Appellants offer two claims substantially devoid of

7

any detail to warrant meaningful review. Accordingly, Appellants have waived both of these issues.

In Appellants' remaining issues on appeal, Appellants assert that the trial court should not have ruled on the motion for summary judgment when discovery requests remained outstanding. Appellants complain that the trial court erred in not requiring M & T Bank to respond to an outstanding notice of deposition. These issues are without merit.

The Superior Court's review on appeal of an order granting summary judgment is governed by Pennsylvania Rule of Civil Procedure 1035.2. This rule sets forth the general principle that a motion for summary judgment is based on the evidentiary record, which entitles the moving party to judgment as a matter of law. Pa.R.C.P. 1035.2 Official Note. Rule 1035.2 provides, in relevant part, the following:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law.
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

8

"Summary judgment is appropriate where, after the close of pleadings, 'there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report.'" *Scarnati v. Wolf*, 643 Pa. 474, 488, 173 A.3d 1110, 1118 (2017) (citation omitted).

Although the moving party bears the initial burden, the nonmoving party must demonstrate in response that a genuine issue of material fact exists. *Carlino East Brandywine, L.P., v. Brandywine Village Association*, 197 A.3d 1189, 1199-1200 (Pa.Super. 2018) (citing *Gubbiotti v. Santey*, 52 A.3d 272, 273 (Pa.Super. 2012)). Pursuant to Pennsylvania Rule of Civil Procedure 1035.3, the nonmoving party may not rest upon the mere allegations or denials of the pleadings to survive a summary judgment motion. Rather, a nonmoving party must file a response identifying:

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more of the witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa. R.C.P. 1035.3. Further, "[f]ailure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Carlino East Brandywine, L.P.*, 197 A.3d at 1199-1200 (quoting *Gubbiotti, supra*).

In determining the evidentiary record, i.e., pleadings and exhibits, depositions if any, answers to interrogatories, admissions and affidavits, the court must provide parties a reasonable period of time to pursue proper discovery. (Pa.R.C.P. 1035.1; *Kerns v. Methodist Hospital*, 574 A.2d 1068, 1074 (Pa.Super. 1990)). If a summary judgment motion is filed prematurely, the trial court must grant a continuance if the opposing party specifies proper discovery to be sought in a timely manner. (*Id.*). However, "[i]f an adequate time for discovery has already expired when a continuance is sought, the party opposing summary judgment must establish both materiality and due diligence with regard to the further discovery sought." *Id.* The party seeking discovery is under an obligation to seek discovery in a timely fashion. *Reeves v. Middletown Athletic Association*, 866 A.2d 1115, 1124 (Pa.Super. 2004).

Moreover, with respect to the non-moving party's obligations to seek discovery, Montgomery County Local Rules 4019(5) and 200(3)(c) do not require the court to schedule a discovery management conference on behalf of any party. Rather, a party may request a discovery management conference before a discovery master, who **may** then recommend a discovery management order. Montgomery County Local Rule 4019(5). The court has full discretion to schedule a conference. Local Rule 200(3)(b) stipulates that the court will schedule a case management conference if, after 18 months of filing, the case is not

10

praeciped for trial. (Montgomery County Local Rule 200(3)(b)). This rule makes no mention of a discovery management conference.

Finally, Pennsylvania law is long settled that issues not raised and preserved in the trial court are waived and cannot be raised for the first time on appeal. *Avery v. Cercone*, 225 A.3d 873, 883 (Pa.Super. 2019) (citing Pa.R.A.P. 302); *Carlino East Brandywine, L.P.*, 197 A.3d at 1200 (citing *Zehner v. Zehner*, 195 A.3d 574, 581–82 (Pa.Super. 2018)).

Instantly, M & T Bank filed a motion for summary judgment on January 2, 2019, approximately eight months after filing their complaint and over six months after filing an amended complaint. During this period, Appellants had reasonable time to pursue discovery. Appellants instead served a defective notice of deposition, then filed a motion to compel on January 30, 2019, which they abandoned, followed by an untimely response and request for a discovery management conference pursuant to local rules 4019(5) and 200(3)(c) on February 4, 2019.

In their response to the motion for summary judgment, Appellants claimed that virtually no discovery had taken place and that "serious contested material facts" remained. Appellants claimed that M & T Bank had blatantly ignored the notice of deposition, dated December 9, 2018, and sent to M & T Bank's Counsel from Appellants' Counsel. In their reply on March 8, 2019, Counsel for M & T Bank denied ever receiving the notice of deposition and pointed out the many procedural and substantive deficiencies of the notice. M & T Bank also asserted that

11

they had voluntarily provided Appellants with copies of the requested documents related to the foreclosed mortgage.

Contrary to Appellants' claims, neither local rule 4019(5) nor 200(3)(c) entitle Appellants to a discovery management conference. As a result of Appellants' motion to compel discovery, Court Administration scheduled oral argument to occur on March 15, 2019. Appellants sought and received a continuance and Court Administration rescheduled the discovery argument for March 29, 2019. Yet Appellants and Appellants' Counsel failed to appear on this day. As a result, the discovery master recommended that the court strike Appellants' motion to compel. Then, after M & T Bank filed a supplemental brief in support of its motion for summary judgment on May 28, 2019, Appellants did not respond. To the extent Appellants claim any lack of notice, the issue is waived for failing to raise it in the trial court.

Between February 4, 2019, when Appellants filed an untimely and improper response to M & T Bank's motion for summary judgment, and July 22, 2019, when the court issued its order, Appellants failed to pursue any discovery requests or offer any additional evidence or argument establishing a genuine issue of material fact or in support of their defense. Instead, Appellants now allege that it was the court that erred in not requiring M &T Bank to respond to outstanding discovery requests. This claim is untenable.

Appellants have failed to demonstrate either the materiality or their own due diligence with regard to the lack of discovery responses they claim precludes the entry of summary judgment. Accordingly, the court properly granted M & T Bank's motion for summary judgment and Appellants' final issues on appeal are unavailing.

## V. CONCLUSION

Based upon the reasoning set forth herein, the undersigned respectfully requests that the court's July 22, 2019 order granting summary judgment be affirmed.

**BY THE COURT:**

THOMAS P. ROGERS, J.

13